UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

PATRICK LOCKETT,

           Plaintiff,

–against–

BJ'S RESTAURANT OPERATIONS
COMPANY,

           Defendant.

23 CV 3983

## CLASS ACTION COMPLAINT AND JURY DEMAND

1. The plaintiff alleges, individually and on behalf of all others similarly situated, pursuant to N.Y. Lab. Law §§ 198(1-a), that the defendant violated section 191(1)(a)(i) of the New York Labor Law, and the defendant is liable to the plaintiff and the class for liquidated damages and such other relief available by law.

### JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court pursuant to 28 U.S.C. § 1332(a)(1).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claim alleged herein occurred in the judicial district of this Court.

### PARTIES

4. The plaintiff Patrick Lockett is and was at all relevant times an adult residing in Kings County, New York.

1

5. The defendant BJ's Restaurant Operations Company is and was at all relevant times a foreign business corporation formed under the laws of the state of California and has its principal place of business at 7755 Center Avenue, Ste 300, Huntington Beach, California.

## CLASS ACTION ALLEGATIONS

6. The plaintiff brings this action individually and on behalf of all current and former employees who are or were formerly employed by the defendant in the state of New York and who worked as manual workers at any time from six years prior to the date of the complaint to the entry of judgment in this case.

7. This class is so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendant, upon information and belief, there are approximately three hundred members of the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

8. Among the common questions of law and fact common to the class are: (1) whether the defendant employed the class within the meaning of the New York Labor Law, (2) whether the defendant violated section 191(1)(a)(i) of the New York Labor Law by failing to play the class on a weekly basis, and (3) whether the defendants are liable for liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

9. The plaintiff is a proper representative of this class because the plaintiff is a member of this class. The claim of the plaintiff is typical of the claims of the class. The claim of the plaintiff is not subject to any unique defenses nor does any interest of the plaintiff conflict with any other member of the class.

10. The questions of law and fact common to the class predominate over any questions affecting individual members because the defendant has acted on grounds generally applicable to the class. None of the class members will have unique defenses to the claims if the types of defects in question are established. Only the finding of individual damages will remain.

11. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

12. The claim of the plaintiff is proper for certification as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

13. At all relevant times, the defendant's business is full-service restaurants doing business as BJ's Restaurant & Brewhouse. The defendant has three locations in New York: 1119 Fashion Dr., Nanuet; 5 Green Acres Rd. W., Valley Stream; and 3 Wolf Rd., Ste. 101, Colonie.

14. The defendant employed the plaintiff approximately from February 17, 2017 until February 6, 2022.

15. The defendant employed the plaintiff as a line cook at the defendants' restaurant in Valley Stream.

16. The plaintiff worked for the defendant within the state of New York.

17. In that employment, over twenty-five percent of the duties of the plaintiff were physical tasks including, but not limited to, cooking and preparing food.

18. The defendant paid the plaintiff and class biweekly.

## CAUSE OF ACTION

19. The plaintiff, on behalf of the plaintiff and class, realleges and incorporates by reference paragraphs 1 through 18 as if they were set forth again herein.

20. At all relevant times, the defendant, an employer, employed the plaintiff and class, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7) and 190(2)–(3).

21. At all relevant times, the defendant employed the plaintiff and class as manual workers, within the meaning of the New York Labor Law, § 190(4).

22. The New York Department of Labor has not authorized the defendant to pay the plaintiff and class less frequently than weekly pursuant to the New York Labor Law, § 191(1)(a)(ii).

23. The defendant failed to pay the plaintiff and class their wages weekly and not later than seven calendar days after the end of the week in which the wages were earned, in violation of section 191(1)(a)(i) of the New York Labor Law.

24. The plaintiff and class are entitled to recover of the defendant liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a).

## PRAYER FOR RELIEF

The plaintiff demands:

    a. an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a);

    b. an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

    c. an award of an additional fifteen percent of the total amount of the judgment if any amount of the judgment remains unpaid upon the expiration of ninety days following

issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, pursuant to N.Y. Lab. Law §§ 198(4);

    d.  an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to N.Y. Lab. Law §§ 198(1) and (4); and

    e.  such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Law Office of Justin A. Zeller, P.C.

By: _____
Brandon D. Sherr
bsherr@zellerlegal.com
Justin A. Zeller
jazeller@zellerlegal.com
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
*Attorneys for plaintiff*

Dated: New York, New York
       May 30, 2023